JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
OCT 31 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE PANTY HOSE SEAMING
PATENT LITIGATION

DOCKET NO. 209

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER *,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

    Tights, Inc. is the holder by assignment from John O. Ferrell of U.S. Patent No. 3,657,257, which relates to a specific method for fabricating panty hose garments sometimes referred to as the simultaneous cut-and-sew technique. Tights had instituted five patent infringement actions involving the Ferrell patent in two districts: three in the Middle District of North Carolina and two in the Western District of North Carolina.[1] Several of the actions also involved alleged infringement of another patent held by Tights.[2]

    Defendant Stevens moved the Panel for an order transferring all actions to a single district for coordinated

---

[*] Although Judges Wisdom, Robson and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

[1] Defendants named in the actions pending in the Middle District of North Carolina were, respectively, Burlington Industries, Inc. (Burlington), Kayser-Roth Corp. (Kayser-Roth) and Adams-Millis Corp. (Adams-Millis). Defendants named in the Western District of North Carolina actions were, respectively, Brevoni Hosiery Corp. (Brevoni) and J.P. Stevens, Inc. (Stevens).

[2] Rice Reissue Patent No. 25,360.

- 2 -

or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407, but did not suggest a transferee district. Plaintiff Tights joined in the motion and favored transfer of this litigation to the Western District of North Carolina while defendants Kayser-Roth and Adams-Millis preferred the Middle District of North Carolina. Defendants Burlington and Brevoni opposed transfer.

Following oral argument on the motion, we were informed that Tights' action against Stevens in the Western District of North Carolina had been voluntarily dismissed with prejudice, by stipulation of the parties, under Rule 41(a)(1)(ii), Fed. R. Civ. P. Although Stevens was thus no longer a party to any of the actions in the litigation, we have nevertheless considered the propriety of Section 1407 proceedings with respect to the four remaining actions inasmuch as Tights had joined in the motion and is a party to each of those actions.

We find that the four remaining actions share common questions of fact and that transfer of the actions pending in the Middle District of North Carolina to the Western District of North Carolina for coordinated or consolidated pretrial proceedings with the action pending in that district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The factual commonality among the actions in this litigation rests on the invalidity defenses asserted by all defendants regarding the Ferrell patent. A major portion

of these defenses involves the alleged prior knowledge and use of the ideas embodied in the Ferrell patent, which arises from the alleged invention and exploitation in Europe of the simultaneous cut-and-sew technique and the dissemination in this country of knowledge of this European-developed method long prior to Ferrell's invention date.

Burlington and Brevoni argue that since the factual questions common to all actions on the issue of the validity of the Ferrell patent relate to the use of the simultaneous cut-and-sew technique in this country prior to the date of the Ferrell patent, that date, once established in any one action, would lead to the quick disposition of the prior use question in all other actions. Moreover, they note, the collateral estoppel doctrine of <u>Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation</u>, 402 U.S. 313 (1971), would prevent inconsistent rulings on the patent validity issue, should the patent be held invalid, and thus, they maintain, the need for transfer under Section 1407 is obviated.

In our view, Burlington and Brevoni have advanced a much too simplistic analysis of the common validity questions. The prior use and knowledge issue under 35 U.S.C. §102(a) clearly necessitates substantial and complex technical discovery involving a comparison of the European and Ferrell cut-and-sew methods. Cf. <u>In re Multidistrict Treble Damage Antitrust Litigation Involving Distribution of Scotch Whiskey</u>, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Although the date of the Ferrell

- 4 -

patent's issuance is certainly relevant to the validity issue, it does not appear to be dispositive. Thus, the domestic and foreign discovery essential to illumination of the prior use issue and, in turn, the Ferrell validity issue, would be needlessly duplicated in the absence of coordinated or consolidated pretrial proceedings. Moreover, we recognize that the question of infringement of the Ferrell patent is unique to each action, and that the issue of the validity of the Rice Reissue Patent is not common to all actions, but the common factual questions raised by the validity defenses asserted to the Ferrell patent warrant coordinated or consolidated pretrial proceedings pursuant to Section 1407 nonetheless. See In re The Triax Co. Patent Litigation, 385 F. Supp. 590, 591 (J.P.M.L. 1974); In re Molinaro/Catanzaro Patent Litigation, 380 F. Supp. 794, 795 (J.P.M.L. 1974).

Although we have denied transfer in several patent litigations in partial reliance on the principles of Blonder-Tongue, supra, our decisions were influenced by two factors, inter alia, not present here. In In re Disposable Diaper Patent Validity Litigation, 362 F. Supp. 567 (J.P.M.L. 1973), In re Lehman Equipment Co. Patent Infringement Litigation, 360 F. Supp. 1402 (J.P.M.L. 1973) and In re Bourns Patent Litigation, 385 F. Supp. 1260 (J.P.M.L. 1974), we recognized that when one of the actions in the litigation was proceeding expeditiously toward trial on the common validity issue, a transfer under

Section 1407 would not necessarily further the most harmonious conduct of the litigation in light of the collateral estoppel effect under Blonder-Tongue of a holding of invalidity. And, secondly, in In re Shipley Co., Inc. Patent Litigation, 383 F. Supp. 847 (J.P.M.L. 1974), we denied transfer where only two actions were involved and noted that Blonder-Tongue would likely eliminate any possibility of duplicative discovery if the patent in question were held invalid in either of the actions.

Thus, where one of the actions is proceeding expeditiously toward trial on the common validity issue or where a very bare minimum number of actions are involved, transfer of patent litigations may be denied. There are, however, four actions remaining in this litigation and it is not at all clear that trial of the validity issue is near in any of them. Indeed, the briefs of the parties revealed that no discovery on the issue of the validity of the Ferrell patent has been had in the Kayser-Roth, Brevoni or Burlington actions and only minimal discovery on that question has occurred in the Adams-Millis action.

Because of their proximity to one another, either the Middle District or the Western District of North Carolina could be described as an appropriate transferee court for this litigation. Although the Stevens action is no longer before the court in the Western District of North Carolina, that action, which was assigned to Judge Woodrow Wilson Jones, involved a substantial amount of activity prior to its dismissal relating

to the Ferrell patent. Judge Jones accordingly had an opportunity to familiarize himself with the factual background of the dispute and, as a result, we conclude that transfer of this litigation to the Western District of North Carolina for assignment to him is preferable because it will allow all parties and the judiciary to benefit from the expertise he has already gained in the matter.

IT IS THEREFORE ORDERED that transfer of the action entitled <u>Tights, Inc. v. J.P. Stevens, Inc.</u>, W.D. North Carolina, Civil Action No. ST-C-74-16, be, and the same hereby is, DENIED, as moot.

IT IS FURTHER ORDERED that the actions listed on the following Schedule A and pending in the Middle District of North Carolina be, and the same hereby are, transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Woodrow Wilson Jones for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the remaining action pending in that district and listed on Schedule A.

| SCHEDULE A | DOCKET NO. 209 |

### MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Tights, Inc. v. Adams-Millis Corp. | Civil Action No. C-231-G-72 |
| Tights, Inc. v. Burlington, Industries, Inc. | Civil Action No. C-359-G-72 |
| Tights, Inc. v. Kayser-Roth Corp. | Civil Action No. C-302-G-72 |

### WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Tights, Inc. v. Brevoni Hosiery Corp. | Civil Action No. C-C-75-78 |
| Tights, Inc. v. J.P. Stevens & Co., Inc. | Civil Action No. ST-C-74-16 |